I. H. WILLIAMSON, ORDINARY, *against* JOSEPH LIPPINCOTT and DAVID S. ENGLISH, Executors of ALLEN SMITH, deceased.

If A, who is testamentary guardian of S and T, dies, and B administers to his estate, and erroneously supposing, that as administrator of A, he became also the guardian of S and T, possesses himself of the goods, chattels, and effects belonging to S and T, and does not account for them, and an action is thereupon brought against B and his sureties on his administration bond : a neglect by B to pay S and T the amount found due upon a settlement of his accounts with them, before the Orphans' Court, cannot be assigned as a breach of such bond.

---

This was an action of debt upon an administration bond. The defendant pleaded performance generally. The plaintiff replied, and sets out several breaches, the only one necessary to be noticed was as follows : " and for assigning a further breach of the said condition of the said writing obligatory, according to the form of the statute in such case made and provided, the said *Isaac H. Williamson, ordinary,* &c., as aforesaid, saith, that heretofore, to wit, on the

first day of March, in the year of our Lord one thousand eight hundred and twenty-two, at Salem, aforesaid, the said Joseph Wright made and exhibited to the surrogate of the said county, an account of his administration of the goods, chattels and credits which had then come to his hands as administrator of the said Vining Hill, deceased, who was testamentary guardian of George Snitcher, Henry Snitcher, John Snitcher, Sarah Snitcher, Margaret Snitcher and Isaac Snitcher, children of Henry Snitcher, deceased; and the said *Isaac H. Williamson, ordinary,* &c., as aforesaid, further saith, that afterwards, to wit, at the term of September, in the year last aforesaid, at Salem aforesaid, the said account, after being corrected and amended, upon examination by the judges of the Orphans' Court of the said county, was by their decree allowed; and the said *Isaac H. Williamson, ordinary,* &c., as aforesaid, further saith, that the rest and residue of the said goods, chattels, and credits remaining upon the said account so made and exhibited, and examined and allowed by the said judges of the Orphans' Court, amount to the sum of seven hundred and seventy-one dollars and eighty-eight cents, to wit, at Salem aforesaid, in the county aforesaid; and the said *Isaac H. Williamson, ordinary,* &c., as aforesaid, further avers, that the said Henry Snitcher, Isaac Snitcher, John Snitcher, George Snitcher, Thomas Paterson, and Sarah, his wife, (late Sarah Snitcher) and George Kirk, and Margaret, his wife, (late Margaret Snitcher), are the persons by law entitled to receive the said rest and residue of the said goods, chattels and credits so remaining as aforesaid. Yet the said Joseph Wright, although often requested so to do, hath not yet paid or delivered the same or any part thereof to the said Henry Snitcher, Isaac Snitcher, John Snitcher, George Snitcher, Thomas Paterson, and Sarah his wife, and George Kirk, and Margaret his wife, or any of them, but hath therein wholly failed and made default; and the said rest and residue of the said goods, chattels and credits

so remaining as aforesaid, are still wholly unpaid and undelivered to the said Henry Snitcher, Isaac Snitcher, John Snitcher, Thomas Paterson, and Sarah his wife, and George Kirk, and Margaret his wife, contrary to the form and effect, true intent and meaning of the said condition of the said writing obligatory, to wit, at Salem, aforesaid, in the county aforesaid ; and this he, the said *Isaac H. Williamson, ordinary,* &c., as aforesaid, is ready to verify, &c.

To this breach thus assigned the defendant demurred.

*Wm. N. Jeffers* argued in support of the demurrer.

*A. O. Dayton,* for the plaintiff.

The CHIEF JUSTICE delivered the opinion of the court.

To one of the breaches of the condition of the writing obligatory in this cause, which is an action upon an administration bond, the defendants who are the executors of one of the sureties of the administrator, have demurred. The breach is in the following words : " that heretofore to wit, on the 1st day of March A. D. 1822, at Salem, in the county of Salem aforesaid, the said Joseph Wright, made and exhibited to the Surrogate of said county, an account of his administration of the goods, chattels and credits, which had then come to his hands as administrator of the said Vining Hill, deceased, who was testamentary guardian of George Snitcher, Henry S. John S. Sarah S. Margaret S. and Isaac S. children of Henry Snitcher, deceased. And the said *I. H. W., ordinary,* &c., farther saith that afterwards to wit, at the term of September, in the year last aforesaid, at Salem aforesaid, the said account after being corrected and amended, upon examination by the said judges of the Orphans' Court of the said county, was by their decree allowed. And the said *I. H. W., ordinary,* &c., farther saith that the rest and residue of the said goods, chattels and credits, remaining upon the said account, so

made and exhibited and examined and allowed by the said judges of the said Orphans' Court, amount to the sum of $771.88, to wit, at Salem aforesaid, in the county aforesaid. And the said *I. H. W., ordinary*, &c., further avers, that the said Henry Snitcher, Isaac S. John S. George S. Thomas Paterson and Sarah his wife, late Sarah S. and George Kirk and Margaret his wife, late Margaret S. are the persons entitled by law to receive the said rest and residue of the said goods, chattels and credits, so remaining as aforesaid. Yet the said Joseph Wright, although often requested so to do, hath not yet paid or delivered the same, or any part thereof to the said Henry Snitcher, &c., or any of them, but hath therein wholly failed, &c."

By the condition of the administration bond, the administrator is required well and truly to administer according to law, all the goods, chattels and credits of the deceased, which shall come into his hands, possession or knowledge, or into the hands or possession of any other person or persons for him ; and farther, to " make or cause to be made, a just and true account of his administration, within twelve calendar months from the date of the obligation, and all the rest and residue of the said goods, chattels and credits, which shall be found remaining upon the account of the said administration, the same being first examined and allowed of by the judges of the Orphans' Court of the county or other competent authority, shall deliver and pay unto such person or persons respectively, as is, are or shall, by law be entitled to receive the same."

The question presented by the demurrer, whether the breach is well assigned, depends on the enquiry whether the account mentioned in the breach, the balance of which has not been paid over to the persons entitled to receive it is the same account which is meant and mentioned in the condition of the bond. Now the administration mentioned in the bond, is a general administration of the estate of the decedent, and the account intended is, of course, an account

of that administration. But the account and administration mentioned in the breach, are of the goods, chattels and credits which had come to the hands of Joseph Wright, as administrator of Vining Hill, who was testamentary guardian of certain persons of the name of Snitcher. The goods, chattels and credits mentioned in the breach, are not the goods, chattels and credits, of Vining Hill, but those of the Snitchers, to whom Hill had been guardian, which came into the hands of Wright. However just and proper then it may be that Wright should account to the Snitchers, for whatever of their goods, chattels and credits he may in any capacity have received, yet it is abundantly clear, that the account mentioned in the bond and in the breach are not the same, and the latter cannot therefore be within the scope of the bond.

Again, it is clear that for the goods, chattels and credits mentioned in the breach, neither the law nor the condition of the bond, ever intended to impose a responsibility on the sureties of the administrator. Hill was the testamentary guardian of George Snitcher and others. After his decease, Wright erroneously supposing, that as the administrator of Hill, he became also the guardian of the Snitchers, acted in their affairs, and their goods, chattels and credits came into his hands, of which the account mentioned in the breach was made, and from which the balance was due. According to the language of the breach it is his administration, the administration of Wright, not the administration of Hill, as guardian. The goods and chattels, came not into the hands of Hill as guardian, but of Wright, after the decease of Hill. But it is certain that Wright had no authority to act as the guardian of the Snitchers. Nor could his mistake in thus acting in the slightest degree, enlarge the extent of his bond or increase the responsibility of his sureties. The liability to the sureties of Wright, as administrator for their property, which may have come into the hands of Hill, as their guardian in his life time, is not

here brought into view. The goods and chattels in question never came into the hands of Hill, but after his decease, into the hands of Wright, under his unauthorised assumption of the powers of guardian. Such being the case, the administration bond does not reach them.

The breach is not well assigned. The demurrer should be sustained, and judgment on it should be rendered for the defendants.